NOT FOR PUBLICATION

| | |
|---|---|
| MAXIMUM HUMAN PERFORMANCE, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>SIGMA-TAU HEALTHSCIENCE, LLC,<br><br>    Defendant. | Civil Action No.:<br><br>12-cv-6526-ES-SCM<br><br>**OPINION AND ORDER ON DISCOVERY DISPUTE**<br><br>**[D.E.s 21, 23]** |

## I. INTRODUCTION

Pending before this Court is a discovery dispute raised by defendant Sigma-tau HealthScience, LLC ("Defendant") concerning its subpoena *duces tecum* issued to non-party Vitaquest International, LLC ("Vitaquest"). Defendant has moved to compel discovery from Vitaquest. (D.E. 21). Vitaquest objects and has cross-moved for a protective order seeking to shift costs and attorneys' fees for complying with the subpoena. (D.E. 23).

The Court has considered the motion record and the August 13, 2013 oral arguments of counsel, pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below the Court grants Defendant's motion to compel and grants Vitaquest's motion to shift costs in part and denies it in part.

## II. BACKGROUND[1]

This case concerns claims by plaintiff Maximum Human Performance, LLC that Glycocarn, a product that it purchased from Defendant, was not fit for their intended use. (D.E. 9). Specifically, Plaintiff alleges that it purchased Glycocarn from Defendant for use in a powder that Plaintiff had manufactured by Vitaquest and sold to customers as a pre-workout supplement.

It is alleged that Glycocarn absorbs moisture and caused Plaintiff's finished product to harden, and thereby become useless to Plaintiff's customers. Plaintiff is suing for breach of implied warranty of fitness for a particular propose. Defendant disputes that Glycocarn was or is unsuitable for use in powder form. (D.E. 9). It further contends that Plaintiff will be unable to prove it was relying on Sigma-tau's skill and judgment in selecting Glycocarn for the finished product at issue, a dietary supplement called "Code Red".

Defendant asserts that it had no control over the combination of ingredients in Code Red or its packaging, and disclaims any warranties concerning finished products outside of its control. It further contends that FDA regulations require supplement makers such as Plaintiff to perform stability testing

---

[1] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

on finished products, and proper stability testing would have revealed any problems with Code Red or its packaging.

On March 4, 2013, Defendant served Vitaquest with a subpoena for documents relating to how it manufactured Code Red for Plaintiff, including any efforts to determine whether Code Red would remain stable over time.  Ten days later, Vitaquest objected to the subpoena as overbroad, burdensome, and for seeking proprietary materials.  Counsel for the two companies then conferred to attempt to resolve some of the discovery disputes.  Vitaquest subsequently amended its objections on April 17, 2013 to include the cost of harvesting and producing electronically stored information (ESI).  Counsel continued to confer on the issue, but reached an impasse.

This Court issued an order granting leave to file motions. (D.E. 20).  Defendant filed its motion to compel on June 5, 2013. (D.E. 21).  Vitaquest filed its opposition and cross-motion for a protective order on July 30, 2013. (D.E. 23).

### III. **DISCUSSION**

#### A. **Federal Rule of Civil Procedure 26**

Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery.  Fed.R.Civ.P. 26.  Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any

party." Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). Accordingly, Rule 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

"When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable." *Kannaday v. Ball*, 2013 W.L. 1367055 at 2 (D.Kan. 2013).

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

4

While relevant information need not be admissible at trial, the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses. *Smith v. Lyons, Doughty & Velduius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008). Thus, Rule 26(b)(2) vests the District Court with authority to limit the parties' pursuit of otherwise discoverable information.

B. **Federal Rules of Civil Procedure 45**

Discovery of documents from a nonparty may be achieved under Rule 45. *See* Fed.R.Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008). Rule 45 also directs that "[a] subpoena must issue . . . for production or inspection, if separate from a subpoena commanding a person's

5

attendance, from the court for the district where the production or inspection is to be made." Fed.R.Civ.P. 45(a)(2)(C).

Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands." *Lefta Assocs. v. Hurley*, No. 1:09-cv-2487, 2011 WL 1793265, *2 (M.D. Pa. May 11, 2011). The Rules "afford non-parties special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). For example, Rule 45(c)(1) expressly states that the court issuing the subpoena must enforce the duty of the "party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(c)(1).

The court has broad discretion regarding the enforcement of subpoenas. *Lefta Assocs.*, 2011 WL 1793265 at *2. The court issuing the subpoena may impose appropriate sanctions, including attorney's fees, on parties or attorneys who fail to comply with the Rule's directives. *See* Fed. F. Civ. P. 45(c)(1).

Rule 37(a)(1) allows a party to compel discovery, provided that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule

6

45(c)(3) allows the quashing of a subpoena if the information requested "(iv) subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)(iv).

IV. **ANALYSIS**

This dispute concerns Vitaquest's costs to comply with Defendant's subpoena, not the discoverability of the information sought.

A. **Waiver**

Federal Rule of Civil Procedure 45(c)(2)(B) provides that an entity served with a subpoena for production or inspection of documents has fourteen days or before the time specified for compliance, whichever is greater, to serve the party seeking the documents with written objections. "If written objections are served, the party seeking documents is not entitled to inspect or copy the materials, except pursuant to an order of the court from which the subpoena was issued." *Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999) (citing Fed. R. Civ. P. 45(c)(2)(B)). In that regard, "[t]he servee can shift the burden of making a court application to the party who issued the subpoena, merely by serving written objections on that party . . . . By serving written objections, the servee suspends its obligation to comply until after the court rules on the seeking party's motion, which would normally be a motion to compel." Id.

7

(citing David D. Siegel, Practice Commentary, C45-21). The "written objection "need not be in any particular form to comply" with Fed. R. Civ. P. 45. See 45 Moore's Federal Practice, § 45.41[1][b] (Matthew Bender 3d Ed.) (citing Broussard, supra). Indeed, a simple letter asking for advance payment for the cost of compliance, for example, has been found to satisfy the requirements of Fed. R. Civ. P. 45(c)(2)(B). Id.

It is not disputed that Defendant served Vitaquest with the Subpoena on March 4, 2013. (See D.E. 21-23, Moving Br. at p. 3). There is also no dispute that Vitaquest objected to the subpoena on March 14, 2013. That objection satisfied Vitaquest's initial obligation under Rule 45. See *McCabe v. Ernst & Young*, LLP, 221 F.R.D. 423, 427 (D.N.J. 2004) (a timely objection to a subpoena preserves the objecting third party's right to seek costs that compliance with the subpoena will cause). Therefore, there was no waiver.

### B. Costs

Vitaquest has cross-moved to compel defendant to pay for the vendor costs to harvest the electronically stored information and for its own counsel fees incurred in complying with the subpoena. "A nonparty responding to a subpoena is typically required to pay its own costs of production." *Miller v. Allstate Fire & Cas. Ins. Co*., No. 07- 260, 2009 U.S. DIST.

LEXIS 21225, at *4 (W.D. Pa. Mar. 17, 2009). Rule 45, however, states that orders to compel production must protect nonparties "from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(A)(ii). To determine whether cost-shifting is appropriate, courts in their discretion consider "(1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance." 9 Moore's Federal Practice § 45.41[3]; *Miller*, 2009 U.S. DIST. LEXIS 21225, at *13.

Vitaquest stipulates that plaintiff MHP has been its customer for ten or more years, and that it produced Code Red for MHP for over one and one half years. It has not provided the Court with financial information to assess either the value of its longstanding relationship with MHP or its ability to pay. Vitaquest merely stipulates that it is a larger company, but does not refute the $5 million in annual sales information or $345 million valuation provided to the Court by defense counsel.

Based upon the motion record, the Court finds both that Vitaquest has an interest in this litigation and the ability to pay all or most of the costs to comply with the subpoena. Nonetheless, it will not bear all of the costs of compliance.

## V. CONCLUSION

For the foregoing reasons, and good cause shown,

IT IS on this 26th day of August, 2013,

**ORDERED** that defendant's motion to compel the production of discovery from Vitaquest is granted and shall begin immediately on a rolling basis; and it is

**FURTHER ORDERED** that Vitaquest shall select a eDiscovery vendor to search the key words agreed upon with Vitaquest; and it is

**FURTHER ORDERED** that Vitaquest's cross-motion to compel defendant to reimburse Vitaquest for vendor costs and attorneys' fees is granted in part and denied in part. Defendant shall reimburse Vitaquest for one third of the vendor costs to harvest the electronically stored information. Vitaquest shall pay its own counsel fees; and it is

**FURTHER ORDERED** that Vitaquest and Defendant are to meet and confer regarding the production and expenses incurred on a

weekly basis.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/26/2013 7:34:32 PM