IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MAXIMUM HUMAN PERFORMANCE, LLC,<br><br>    Plaintiff,<br><br>            v.<br><br>SIGMA-TAU HEALTHSCIENCE, LLC,<br><br>    Defendant. | Civil Action No.:<br><br>12-cv-6526-ES-SCM<br><br>**OPINION AND ORDER ON DEFENDANT'S MOTION TO COMPEL NO-Bomb DISCOVERY**<br><br>**[D.E. 27]** |

## I.    INTRODUCTION

Pending before this Court is a discovery dispute informally raised by plaintiff Maximum Human Performance, LLC (MHP or "Plaintiff") and defendant Sigma-tau HealthScience, LLC ("Defendant") concerning Defendant's discovery of documents concerning NO-Bomb. Defendant seeks to compel the discovery and MHP opposes. (D.E. 27).

The Court has considered the parties' joint submission and the August 13, 2013 oral arguments of counsel, pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below the Court granted Defendant's motion to compel.

## II. BACKGROUND[1]

The underlying facts of this case are set forth in a recent Opinion from this Court and will not be restated here. (D.E. 28). Suffice it to say that plaintiff Maximum Human Performance, LLC claims that Glycocarn, a product that it purchased from Defendant, was not fit for their intended use. (D.E. 9). Plaintiff alleges that it purchased Glycocarn for use in a powder as a pre-workout supplement, but Glycocarn absorbs moisture and caused Plaintiff's finished product to harden and become useless to Plaintiff's customers.

## III. DISCUSSION

Defendant Sigma-tau seeks to compel plaintiff MHP to produce documents concerning NO-Bomb, a pre-workout capsule product containing GlycoCarn that MHP and non-party Vitaquest made before launching Code Red. (D.E. 27). MHP objects to producing NO-Bomb discovery that do not concern GlycoCarn. (Id.)

### A. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 defines the bounds of relevant discovery. Fed.R.Civ.P. 26. Pursuant to subparagraph (b)(1), "parties may obtain discovery regarding any matter, not

---

[1] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

2

privileged that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004).

In interpreting Rule 26(b)(1), district courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). Accordingly, Rule 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

"When a party fails to make disclosure of discovery, the opposing party may file a motion to compel. When a motion to compel is filed and asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable." *Kannaday v. Ball*, 2013 W.L. 1367055 at 2 (D.Kan. 2013).

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed."

3

*Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). While relevant information need not be admissible at trial, the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses. *Smith v. Lyons, Doughty & Velduius, P.C.*, 2008 WL 2885887, at *5 (D.N.J. July 23, 2008). Thus, Rule 26(b)(2) vests the District Court with authority to limit the parties' pursuit of otherwise discoverable information.

B. **Analysis**

Defendant argues that "all documents concerning the formulation and production of NO-Bomb are highly relevant. An essential element of MHP's implied warranty claim is that Sigma-tau knew MHP was relying on Sigma-tau's skill and judgment in selecting GlycoCarn for Code Red. Documents concerning NO-Bomb," it contends, "will likely show whether and to what extent MHP relied on Sigma-tau (as opposed to relying [upon] Vitaquest and on its own expertise) in formulating and packaging NO-Bomb. And that course of conduct is highly probative of the parties'

4

reasonable expectations for the subsequent product with GlycoCarn, Code Red." (D.E. 27).

Plaintiff counters that "it has produced all NO-Bomb documents that are relevant to this case. Sigma-tau's stated purpose in demanding documents concerning NO-Bomb is to "show what MHP knew about GlycoCarn and when, and the extent to which MHP relied on Sigma-tau in how to make and package NO-Bomb, and any consideration of its stability." This purpose is achieved by MHP's production of documents concerning NO-Bomb that also concern GlycoCarn. As an example, the document described above – an email a Vitaquest employee sent the CEO of MHP – was produced by MHP, because it concerns NO-Bomb and concerns GlycoCarn. On the other hand, documents concerning the formulation and packaging of NO-Bomb – a separate product that is sold in a capsule form – simply are not relevant to any claim or defense in this case, and searching for and producing those documents would be unduly burdensome to MHP." (D.E. 27).

Defendant has shown that the information sought is discoverable and may lead to relevant evidence. Whether the discovery will be admissible is a matter to be addressed by the trial judge. Plaintiff has not met its burden to specifically show how the discovery sought is objectionable.

5

**IV. CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this 27th day of August, 2013,

**ORDERED** that Defendant's motion to compel the production of NO-Bomb discovery from Plaintiff is granted and shall begin immediately on a rolling basis.

*Signature of Honorable Steve Mannion, U.S.M.J.*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/27/2013 10:23:54 AM